IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FMC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No:** _____ |
| CROSBY VALVE, LLC and PENTAIR, | ) | |
| plc, | ) | (Removed from the Superior Court of the |
| | ) | State of Delaware, in and for New Castle |
| Defendants. | ) | County, C.A. No. N14C-10-010) |
| | ) | |
| | ) | JURY DEMANDED |
| | ) | |

## DEFENDANTS CROSBY VALVE, LLC AND PENTAIR plc'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, defendants Crosby Valve,

LLC ("Crosby Valve") and Pentair plc ("Pentair", together with Crosby Valve, "Defendants")

file this notice to remove an action brought against them by Plaintiff FMC Corporation ("FMC")

and currently pending in the Superior Court of the State of Delaware, in and for New Castle

County, C.A. No. N14C-10-010 (the "State Court Action") to the United States District Court for

the District of Delaware.  The grounds for removal are:

## BACKGROUND FACTS

1.      Crosby Valve's products are alleged to have at one time contained asbestos.  As a

result, Crosby Valve has been exposed to a large number of claims and lawsuits asserting that it

is liable to individuals who contend that they are suffering from asbestos-related personal

injuries.  (Declaration of Steve Mesarick ("Mesarick Decl." ¶ 3).)

2.      In 1998, FMC, through its wholly-owned subsidiary Moorco International, Inc. ("Moorco"), transferred ownership of Crosby Valve to Tyco International Limited ("TIL"), through its wholly-owned subsidiary CV Holding Inc. ("CV Holding") in a merger transaction (the "Merger") involving a TIL subsidiary, T14 Acquisition Corporation ("T14"), pursuant to an Agreement and Plan of Merger dated as of June 5, 1998 (the "Merger Agreement").[1]  (Mesarick Decl. ¶ 4.)  In the Merger Agreement, FMC agreed, among other things, to indemnify Crosby Valve and others from certain liabilities.

3.      At the time of the execution of the Merger Agreement, Crosby Valve was the defendant in lawsuits alleging injuries from exposure to asbestos allegedly contained in Crosby Valve products.  After the Merger, Crosby Valve continued (and continues) to be named as a defendant in lawsuits alleging injuries from exposure, that occurred before the Merger, to asbestos allegedly contained in Crosby Valve products ("Crosby Valve Claims").  (Mesarick Decl. ¶ 6.)  Such Crosby Valve Claims constitute claims for which FMC is required to provide indemnification pursuant to Section 8.03(a) of the Merger Agreement.

4.      Following the Merger, FMC indemnified Crosby Valve for claims alleging personal injury arising out of alleged exposure to asbestos contained in Crosby Valve products. FMC indemnified Crosby Valve for such Crosby Valve Claims pursuant to Section 8.03(a) of the Merger Agreement from the closing of the Merger in 1998 until (as further described below) October 31, 2013.  (*Id.* ¶ 7.)

5.      On March 27, 2012, TIL entered into an agreement with Tyco Flow Control International Ltd., a wholly-owned subsidiary of TIL, which was subsequently renamed Pentair Ltd. (and is now Pentair, plc), to spin-off Pentair to TIL's shareholders, and an agreement with

---

[1] The Merger Agreement is attached as Exhibit A to the Mesarick Declaration.

{FG-W0379410.2}

Pentair and Pentair, Inc. to combine TIL's flow control business – which includes Crosby Valve and of which Pentair was the parent company with Pentair, Inc. – in a tax-free, all-stock merger (the "Pentair Transactions").  The Pentair Transactions occurred in several steps over time.  The spin-off of Pentair occurred on September 28, 2012.  (*Id.* ¶ 8.)

6.      After the Pentair Transactions, FMC informed Crosby Valve (and Pentair) that, as a result of the Pentair Transactions, FMC was now taking the position that it is no longer obligated to indemnify Crosby Valve under the Merger Agreement and that it would cease to do so.  (*Id.* ¶ 9.)

7.      On October 31, 2013, Crosby Valve and FMC entered into an Amended and Restated Standstill and Tolling Agreement (the "Standstill Agreement").  As of that date, FMC ceased indemnifying Crosby Valve in accordance with and as required by the Merger Agreement.  Under the terms of the Standstill Agreement, Crosby Valve agreed, on an interim and provisional basis, in order to facilitate a potential resolution of this dispute, to administer the defense of Crosby Valve Claims that were commenced and/or tendered to FMC, beginning on November 1, 2013.  Crosby Valve also agreed, on an interim and provisional basis, to reimburse FMC for a portion of the defense costs incurred by FMC with respect to the administration, defense and resolution of Crosby Valve claims between September 28, 2012 and October 31, 2013.  All amounts advanced or paid by Crosby Valve under the Standstill Agreement were of a provisional nature, subject to a full reservation of rights.  Under the Merger Agreement, Crosby Valve is not required to make any such payments and is entitled to full indemnification and reimbursement from FMC of all amounts so paid, plus interest.

8.      The Standstill Agreement expired by its terms on September 30, 2014.  Prior to its expiration, Crosby Valve requested that FMC further extend the Standstill Agreement but FMC

3

refused.  FMC further informed Crosby Valve that, upon expiration of the Standstill Agreement, it not resume responsibility for the administration, defense and resolution of Crosby Valve Claims, will not indemnify Crosby Valve for Crosby Valve Claims as required by the Merger Agreement, and will not reimburse Crosby Valve for any past or future expenses incurred by Crosby Valve with respect to the administration, defense and resolution of Crosby Valve Claims. These actions constitute a breach and anticipatory repudiation of the Merger Agreement by FMC.

## THE STATE COURT ACTION

9.      FMC commenced the State Court Action on October 1, 2014, in the Superior Court of the State of Delaware, in and for New Castle County, bearing C.A. No. N14C-10-010.

10.      FMC's Complaint for Declaratory Judgment ("Complaint")[2] asks the Superior Court to determine and declare that FMC no longer has any duty under the Merger Agreement to indemnify "Pentair or any of its subsidiaries, including Crosby Valve" for liabilities associated with asbestos-related personal injury claims involving Crosby Valve products.  (*See* Ex. A ¶ 39.)

11.      The relief sought by FMC in its Complaint includes:  (a) a declaration that FMC is under no duty or obligation to indemnify Pentair or Crosby Valve under the Merger Agreement and (b) damages to FMC "for costs and expenses incurred in connection with defending Crosby Valve in lawsuits filed after September 28, 2012."  (Ex. A, Prayer for Relief ¶(c).)

12.      As explained in detail below, removal is proper here because this is a civil action that falls under this Court's original jurisdiction, as complete diversity exists between the parties

---

[2] FMC's Complaint is attached hereto and cited as "Ex. A".

4

and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C.

§§ 1332(a) and (c), 1441(a), and 1446(c).

## BASIS FOR DIVERSITY JURISDICTION

13.    In relevant part, Section 1332(a) of Chapter 28 of the U.S. Code provides that:

> (a) the District Court shall have original jurisdiction of all civil
> actions where the matter in controversy exceeds the sum or value
> of $75,000, exclusive of interest and costs and is between –
>
> > (3) citizens of different States and in which citizens or
> > subjects of a foreign state are additional parties . . . .

28 U.S.C. § 1332(a)(3).  Both the diversity of citizenship and amount in controversy

requirements are met here.

14.    FMC was at the commencement of this action, is now, and at all pertinent times

has been a business corporation incorporated under the laws of Delaware and of no other state,

with its principal place of business at 1735 Market Street, Philadelphia, PA 19103.  FMC is a

citizen of the States of Delaware and Pennsylvania and no other State.  (*See* Ex. A ¶ 8.)

15.    Crosby Valve was at the commencement of this action, and is now, a limited

liability company organized under the laws of the State of Nevada that maintains its principal

place of business in Minnesota.  The sole member of Crosby Valve is The J. R. Clarkson

Company, LLC, which was at the commencement of this action, and is now, a limited liability

company organized under the laws of the State of Nevada that maintains its principal place of

business in Houston, Texas.  The sole member of The J. R. Clarkson Company, LLC is Pentair

Valves & Controls, Inc., which was at the commencement of this action, and is now, a Texas

corporation that maintains its principal place of business in Houston, Texas.

16.    As a result, Crosby Valve is a citizen of the State of Texas and no other State.

(*See* Mesarick Decl. ¶ 17.)

5

17.     Pentair was at the commencement of this action, and is now, an Irish public limited company incorporated under the laws of the Country of Ireland, with its principal executive office at P.O. Box 471, Sharp Street, Walkden, Manchester M28 8BU, United Kingdom, and is a foreign or alien citizen for purposes of diversity jurisdiction analysis.  (*See* Ex. A ¶ 9); Mesarick Decl. ¶ 19.)

18.     In its Complaint, FMC seeks primarily nonmonetary relief, except for a request for "damages to FMC for costs and expenses incurred in connection with defending Crosby Valve in lawsuits filed after September 28, 2012" as ancillary relief.  (Ex. A, Prayer for Relief ¶ (c).)  In such a case, 28 U.S.C. § 1446(c)(2) provides the test for whether the amount-in-controversy requirement can be met in order to remove the action:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –
>
> (A)  the notice of removal may assert the amount in controversy if the initial pleading seeks –
>
> > (i) nonmonetary relief; . . . and
>
> (B)  removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

19.     Generally, the amount in controversy in an action for nonmonetary declaratory or injunctive relief is the value of the object of the litigation.  *See BBDova, L.L.C. v. Auto. Techs., Inc.*, 2005 U.S. Dist. LEXIS 7451, *7 (D. Del. Feb. 25, 2005) (denying Plaintiff's motion for remand and citing *Hunt v. Walsh State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) for the proposition that the value of the object of the litigation determines the amount in controversy);

6

*see also Eames v. Nationwide Mut. Ins. Co.*, 2005 U.S. Dist. LEXIS 11240 (D. Del. Apr. 27, 2005) (same).  Said differently, the amount in controversy in a declaratory judgment action is "the worth of the issue being litigated."  *Shamrock Holdings of Cal., Inc. v. Arenson*, 2005 U.S. Dist. LEXIS 2509, *15 (D. Del. Jan. 27, 2005).

20.     The issue being litigated in this suit is whether FMC has a duty to continue to fulfill its obligation to indemnify Crosby Valve under the Merger Agreement.  Essentially, the parties are contesting which party has a duty to pay for costs associated with the defense and settlement of asbestos-related personal injury lawsuits filed in connection with Crosby Valve products.

21.     While FMC does not specifically quantify the value of the relief it requests, or the amount in controversy, it is apparent that the jurisdictional threshold of $75,000, exclusive of interest and costs, is exceeded here.  As an initial matter, the "costs and expenses incurred in connection with defending Crosby Valve in lawsuits filed after September 28, 2012" requested as ancillary relief by FMC in its Complaint exceed $75,000.

22.     Specifically, pursuant to the Standstill Agreement, Crosby Valve provisionally paid, with a full reservation of rights, the sum of $449,162.35, representing a percentage of the costs incurred by FMC with respect to the administration and defense of Crosby Valve claims between September 28, 2012 and October 31, 2013.  (*See* Mesarick Decl. ¶ 14.)  Under the Merger Agreement, Crosby Valve is not required to make any such payments and is entitled to full indemnification and reimbursement from FMC of all amounts so paid, plus interest.

23.     The sum described in paragraph 22 does not include: (1) the additional sums paid by Crosby Valve since October 31, 2013 for the defense costs associated with Crosby Valve Claims filed on or after September 28, 2012; or (2) future costs of currently-pending and still-to-

{FG-W0379410.2}

be-filed personal injury actions asserting Crosby Valve Claims.  (*See id.* ¶15.)  As of October 6, 2014, there were more than 500 personal injury lawsuits asserting Crosby Valve Claims pending in United States state or federal courts.  (*See id.* ¶ 16.)  Crosby Valve has paid and continues to pay defense costs and other expenses associated with these suits, for which it is entitled to indemnity from FMC.  Thus, the value of the object of this litigation, namely, the contractual obligation to indemnify Crosby Valve and all associated costs, far exceeds $75,000.

24.     Accordingly, the above-entitled action is a civil action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332, and which therefore may be removed to this Court pursuant to 28 U.S.C. § 1441, in that the action is between citizens of different states in which a foreign citizen is an additional party, there is complete diversity between the parties, and the matter in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000.

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

25.     Defendants were served with a copy of the Complaint on October 7, 2014 via registered mail.

26.     This Notice of Removal has been filed within 30 days of the date that Defendants were served with the Complaint in this matter.  Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

27.     Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the District of Delaware is the federal judicial district embracing the Superior Court for the State of Delaware, in and for New Castle County, where the State Court Action was originally filed.

{FG-W0379410.2}

28.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders from the State Court Action that have been served upon Defendants are being filed with this Notice of Removal as Exhibits A through B.

29.     The undersigned counsel certifies that a Notice of Filing of Removal, with a copy of this Notice of Removal attached thereto, will be promptly filed with the Superior Court of the State of Delaware in and for New Castle County.  Also, pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to all adverse parties.

## CONCLUSION

29.     By this Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.[3]

---

[3] In particular, Crosby Valve and Pentair assert that they are not subject to personal jurisdiction in Delaware and will file a motion to stay or dismiss this action or, alternatively, to transfer this action to the United States District Court for the Southern District of Texas, where a parallel action, *Crosby Valve, LLC, as successor to Crosby Valve, Inc. v. FMC Corporation*, Civil Action No: 4:14-cv-02790 (Judge Lee H. Rosenthal presiding), is pending and where FMC consented to jurisdiction in the Merger Agreement.

{FG-W0379410.2}

WHEREFORE, Defendants remove the above-captioned action from the Superior Court of the State of Delaware in and for New Castle County to the United States District Court for the District of Delaware.

Dated:  October 27, 2014

/s/ *Joel Friedlander*
Joel Friedlander (Bar No. 3163)
Chris Foulds  (Bar No. 5169)
Ben Chapple (Bar No. 5871)
FRIEDLANDER & GORRIS, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3502
Facsimile:  (302) 573-3501
jfriedlander@friedlandergorris.com
cfoulds@friedlandergorris.com
bchapple@friedlandergorris.com

*Attorneys for Defendants Crosby Valve, LLC, and Pentair plc*

OF COUNSEL:

Andrew J. Wronski
Gregory N. Heinen
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400 Telephone
414.297.4900 Facsimile
awronski@foley.com
gheinen@foley.com

*Attorneys for Defendants Crosby Valve, LLC and Pentair plc*

10

{FG-W0379410.2}